NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KNIGHTS FRANCHISE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIRST VALUE RC, LLC and RICK PATEL, <br><br> Defendants. | **OPINION** <br><br> Civ. No. 13-4976 (WHW) (CLW) |

**Walls, Senior District Judge**

Plaintiff Knights Franchise Systems brought suit against franchisee Defendant First Value RC, and its guarantor Rick Patel, for breach of contract following Defendants cessation of their operation of a Knights Inn lodging facility. Plaintiff moves for summary judgment on Counts Two, Four and Six of the Complaint.[1] Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Knights Franchise Systems ("KFS") is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl., ECF No. 1 ¶ 1. Defendant First Value RC ("First Value") is a California LLC with its principal place of business in Rancho Cordova,

---

[1] The motion filed by Plaintiff is for summary judgment on Counts Two, Four and Six of the Complaint. This is plainly an error as the Complaint contains only five counts. Further, Count Two is an alternative count, should the Court not find for the Plaintiff on Count One. Count Four is for unjust enrichment; an issue which Plaintiff did not raise in their briefing of this motion. Consequently, it is assumed that the labelling of the counts in the Motion for Summary Judgment was a typographical error, and that the motion is for summary judgment on Counts One, Three and Five.

1

California. *Id.* ¶ 2. Defendant Rick Patel is a citizen of California and the only constituent member of First Value. *Id.* ¶¶ 3-4.

On June 30, 2008, parties KFS and First Value entered into a contract (the "Franchise Agreement") for the operation of a 122-room lodging facility in Rancho Cordova, California ("the Facility"). *Id.* ¶ 9. The Franchise Agreement obligated First Value to operate a Knights guest lodging facility for an initial term of three years. *Id.* ¶ 10. The Franchise Agreement required First Value to make certain periodic payments to KFS for royalties, system assessments, taxes, interest, reservation fees and other fees (the "Recurring Fees"). *Id.* ¶ 11. Other relevant sections of the Franchise Agreement obligated First Value to pay interest of 1.5% per month on any past due amount owed to KFS. *Id.* ¶ 12. In the event of an early termination of the Franchise Agreement by First Value, First Value was required to pay liquidated damages to KFS. *Id.* ¶ 15. In the event of litigation to enforce the terms of the Franchise Agreement or collect amounts owed under it, the non-prevailing party would pay all costs and expenses including reasonable attorneys' fees incurred by the prevailing party. *Id.* ¶ 16. The Franchise Agreement included a New Jersey choice of law provision. Franchise Agreement, ECF No. 21-3 § 28.

Defendant Rick Patel provided KFS with a Guaranty of First Value's obligations under the Franchise Agreement (the "Guaranty"). Compl. ¶ 17. Under the Guaranty, Defendant Patel agreed that in the event of First Value's default under the Franchise Agreement, he would make each payment and perform or cause First Value to perform each unpaid or unperformed obligation under the Franchise Agreement. Defendant Patel also agreed to pay costs, including attorneys' fees, incurred by KFS in enforcing its rights and remedies under either the Franchise Agreement or the Guaranty. *Id.* ¶¶ 18-19.

2

On April 28, 2010, First Value unilaterally terminated the Franchise Agreement and ceased operation of the Facility. *Id.* ¶ 20. On May 14, 2010, KFS acknowledged the termination of the Franchise Agreement and advised First Value that under the terms of the agreement, it was required to pay KFS $30,451.20 in liquidated damages for premature termination and all outstanding Recurring Fees through the date of termination. *Id.* ¶ 21. First Value has failed to pay any outstanding amounts to KFS. Mot. for Summ. J., Pl.'s Br., ECF No. 21-5 at 1.

KFS filed this action on August 19, 2013, asserting claims for breach of the Franchise Agreement and Guaranty. Compl., ECF No. 1. Plaintiff's Complaint asserts five counts against Defendants. The First Count is a claim for liquidated damages pursuant to the Franchise Agreement. The Second Count is an alternative claim for actual damages resulting from early termination of the Franchise Agreement should the Court find the liquidated damages clause unenforceable. The Third Count is for Recurring Fees owed by Defendant First Value to Plaintiff plus prejudgment interest, costs and attorneys' fees. The Fourth Count is for unjust enrichment. The Fifth Count is a claim against Defendant Patel under the Guaranty.

Default was entered against Defendants on October 14, 2013 for failure to plead or otherwise defend this action. ECF No. 6. The entry of default was vacated when Defendants filed an Answer on April 11, 2014. ECF No. 13. Plaintiffs filed this motion for summary judgment on October 13, 2016. ECF No. 21. Defendants have failed to oppose or otherwise respond to this motion. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332.

## LEGAL STANDARD

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. *Scott v. Harris*, 550 U.S. 372, 380 (2007) and a dispute is genuine where a rational trier of fact could return a verdict for the non-moving party. *Id.*

The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006). Once the movant has carried this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" in question. *Scott*, 550 U.S. at 380 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Each party must support its position by "citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Scott*, 550 U.S. at 380. At this stage, the Court's "function is not . . . to weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, and it is "inappropriate for a court to . . . make credibility determinations." *Big Apple BMW, Inc. v. BMW of North Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

When a motion for summary judgment is not formally opposed, the motion should be granted provided that the movant would be entitled to judgment as a matter of law. *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 171 (3d Cir. 1990). A party is not automatically entitled to summary judgment simply because the opposing party has not formally opposed the motion. There must still be a finding by the court that that judgment for the moving

party is "appropriate". *Id.* at 175; Fed. R. Civ. P. 56(e).

## DISCUSSION

**1. Defendant First Value's Liability Under the Franchise Agreement**

Plaintiff argues that First Value is liable under the Franchise Agreement for outstanding Recurring Fees and liquidated damages. Summary judgment in a contract action is appropriate only where the contractual language is unambiguous. *Mylan Inc. v. SmithKline Beecham Corp.*, 723 F. 3d 413, 418 (3d Cir. 2013). Whether a contract is ambiguous is a question of law. *Id.* at 419. Here, the Franchise Agreement is clear on its face, and the non-moving party has not offered any alternative reading of the contract which would render it ambiguous.

Having found that the contract was unambiguous, the Court turns to the question of whether First Value complied with the terms of the Franchise Agreement. Plaintiffs assert that First Value violated the Franchise Agreement by (1) ceasing to operate the Facility as a Knights lodging facility, and (2) failing to remit certain Recurring Fees due. Defendants have offered no evidence to counter these allegations and Defendant Patel appears to have admitted to these breaches of contract in his deposition testimony. *See* Dep. of Rick Patel, ECF No. 21-7 at 36:20-25, 37:1-16. Defendants have not offered any defense to their apparent breach of contract.

Having found that First Value breached the Franchise Agreement by ceasing to operate the Facility as a Knights franchise, and failing to remit certain Recurring Fees owed, Plaintiff is entitled to summary judgment on the issue of liability for Counts One and Three.

### 2. Defendant Patel's Liability Under the Guaranty

In order to prove liability on a guaranty, a plaintiff must demonstrate: (1) execution of the guarantee by the guarantor; (2) the principal obligation and terms of the guaranty; (3) lender's reliance on the guaranty; (4) default by principal obligator; (5) written demand for payment on the guarantee; and (6) failure of the guarantor to pay upon written demand. *U.S. on Behalf of Small Business Admin. V. DelGuiercio*, 818 F. Supp. 725, 727-28 (D.N.J. 1993).

KFS has satisfied each of these requirements. Defendants have not contested the terms of the Guaranty, nor the fact that it was executed by Defendant Patel. *See* Defs.' Answer, ECF No. 13 ¶¶ 41-42 ("the document speaks for itself."). Nor have they contested default by principal obligator, First Value or failure to pay by guarantor Rick Patel. KFS has demonstrated that they made a written demand for payment on Defendant Patel. *See* Mot. for Summ. J. Ex. P, ECF No. 21-22. The purpose of the Guaranty was to induce KFS to sign the Franchise Agreement. *See* Guaranty, ECF No. 21-23 Ex. B ("To induce Knights Franchise Systems . . . to sign the Franchise Agreement"). Absent evidence to the contrary, it is fair to assume that KFS relied upon the guaranty in entering the Franchise Agreement.

Consequently, there is no genuine issue of material fact regarding Defendant Patel's liability under the Guaranty. Plaintiff is entitled to summary judgment on the issue of liability for Count Five.

### 3. Damages

Plaintiff seeks summary judgment with respect to damages claims for Recurring Fees, liquidated damages, prejudgment interest, and attorneys' fees and costs.

a. *Recurring Fees*

Plaintiffs seek payment for outstanding Recurring Fees owed in the amount of $93,465. Having already found that Defendants are liable on Counts Three and Five, the Court grants summary judgment in the amount of $93,465 under Counts Three and Five.

### b. *Liquidated Damages*

Plaintiffs seek liquidated damages in the amount of $30,451.20. Under New Jersey law, liquidated damages clauses may only be enforced if they reasonably forecast the harm resulting from breach. *Wasserman's Inc. v. Township of Middletown*, 137 N.J. 238, 249 (1994). When a contract is negotiated between two commercial parties, there should be presumptive validity of a liquidated damages clause. *Id.* at 252. The party who will be required to pay the liquidated damages bears the burden of proof of a contractually acceptable excuse in order to avoid the application of the clause. *Monsen Eng'g Co. v. Tami-Githens, Inc.*, 219 N.J. Super. 241, 250 (App. Div. 1987).

The liquidated damages clause in this case is contained in Section 23 of the Franchise Agreement and provides that liquidated damages shall total "Combined Fees then in effect for the Facility multiplied by the lesser of 12 or the number of full calendar months remaining in the unexpired current Term at the date of termination." Franchise Agreement, ECF No. 21-3 § 23. Plaintiff assert that this formula represents a good faith estimate of the monetary damages they sustain when a franchisee causes the premature termination of a franchise agreement. Pl.'s Br. at 13. Defendants have not disputed this, nor have they offered proof of any contractually acceptable excuses to avoid the application of the liquidated damages clause. Because the liquidated damages represent a reasonable estimation of harm resulting from breach, the Court finds that the liquidated damages clause is enforceable. Plaintiff is entitled to liquidated damages under the Franchise Agreement in the amount of $30,451.20.

c. *Prejudgment Interest*

State law governs the availability of prejudgment interest on state law claims. *Mid-Jersey Bank v. Fidelity Mortgage Investors*, 518 F. 2d 640, 645 (3d Cir. 1975). In New Jersey, prejudgment interest will be awarded from the time it accrues until the time judgment is entered. *Rova Farms Resort, Inc. v. Investors Ins. Co. of Am.*, 65 N.J. 474, 506 (1974). Prejudgment interest in a commercial case may be determined by a contract provision. *Utica Mut. Ins. Co. v. DiDonato*, 187 N.J. Super. 30, 43 (App. Div. 1982). Schedule B of the Franchise Agreement states that interest will accrue at a rate of 1.5% per month on all payments that become past due. Plaintiff seeks payment of prejudgment interest on both Recurring Fees and liquidated damages. As discussed above, the Court has found that Defendants are liable under the Franchise Agreement for payment of both Recurring Fees and liquidated damages. Consequently, a grant of prejudgment interest on these amounts is appropriate. Plaintiff is entitled to prejudgment interest in the amount of $35,372.10. *See* Pl.'s Br. at 14 (calculation of prejudgment interest).

d. *Attorneys' Fees and Costs*

New Jersey law permits parties to recover legal expenses if they have contracted to do so. *Papalexiou v. Tower West Condominium*, 167 N.J. Super. 516, 530 (Ch. Div. 1979). Contractual agreements for legal expenses are subject to judicial supervision for reasonableness. *North Bergen Rex Transport, Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 569 (1999). Section 23 of the Franchise Agreement required the non-prevailing party to pay all costs and expenses incurred by the prevailing party to enforce the agreement or collect amounts owed under the agreement. Plaintiffs seek $7,800 in attorneys' fees and $2,497.82 in costs. Absent any argument from Defendants as to the reasonableness of this sum, the Court finds that Plaintiff is entitled to attorneys' fees and costs.

### 4. Alternative Counts Two and Four

Counts Two and Four of the Complaint are alternative counts for recovery under the doctrines of actual damages and unjust enrichment should the Court not find for Plaintiff on Counts One and Three. Having found for Plaintiff on Counts One and Three, Counts Two and Four are mooted.

## CONCLUSION

Plaintiff's motion for summary judgment is granted as to Counts One, Three, and Five. Judgment is entered for Plaintiff and against Defendants for Recurring Fees, liquidated damages, prejudgment interest, and attorneys' fees and costs. Counts Two and Four are dismissed as moot. An appropriate order follows.

Date: 29 March 2017

Hon. William H. Walls
United States Senior District Judge